UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW HENNES,

      Plaintiff,

vs.                                                                            CASE NO.:   6:16-CV-2134-ORL-37DCI

OUTSOURCE EQUIPMENT
COMPANY, LLC,

      Defendant.                    /

PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM
AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Plaintiff, ANDREW HENNES, by and through the undersigned attorney and files this Motion to Dismiss Defendants' Counterclaim for lack of jurisdiction and as grounds thereof states:

1. Plaintiffs originally filed this case for unpaid overtime wages pursuant to the FLSA.  *See* Doc 1.

2. Defendants filed its Answer and Affirmative Defenses, which included a Counterclaim against Plaintiff under breach of contract theory.  *See* Doc. 8.

3. Defendants' counterclaim is based on state a law causes of action.

4. Plaintiff argues that the counterclaim must be dismissed for lack of jurisdiction as the claim is permissive in nature and has no logical relationship to Plaintiff's original claim.

5. If so, the claim must have some independent jurisdictional basis, which Plaintiff argues that the counterclaim does not and must be dismissed.

1

## MEMORANDUM OF LAW

The basis for this Court's jurisdiction Plaintiff's claim in the Complaint under the FLSA lie in 28 U.S.C. § 1331, which states "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a):

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a).

District courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require an independent basis for subject matter jurisdiction. *See Robinson v. Roofs, Structures & Management, Inc.*, 2007 WL 4468695 (M.D. Fla. 2007) *citing Kirby v. Tafco Emerald Coast, Inc.*, 2006 WL 228880, at *1 (N.D. Fla. 2006); and *Mercer v. Palm Harbor Homes, Inc.*, 2005 WL 3019302, at *1 (M.D. Fla. 2005). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). The Eleventh Circuit uses the "logical relationship" test to determine whether a counterclaim is compulsory. *Mercer*, 2005 WL 3019302, at *1 n. 1 (citation omitted). Under this test, a counterclaim is compulsory if "the same operative facts ... serve as the basis of both claims or the aggregate core of facts

Case 6:16-cv-02134-RBD-DCI Document 12 Filed 01/25/17 Page 3 of 4 PageID 53

upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (internal quotation marks and citation omitted).

Plaintiff argues that Defendants' counterclaim is permissive, because it is not based on the same core facts as Plaintiff's FLSA claim for unpaid overtime wages. Plaintiff has argued that Defendants owe unpaid overtime wages. Plaintiff's Complaint is primarily based on claims for unpaid overtime. *See* Complaint Doc.1. Defendants seek damages under its breach of non-compete provisions in an employment agreement theory by stating that Plaintiff went to work for a competing company after voluntarily severing his employment with the Defendants. *See* Defendants' Answer/Counterclaim at pp. 9-13. This separate count operates under totally different factual circumstances and has no logical relationship. Additionally, the elements of proof for each claim are distinct from one another. Therefore, Defendants' only argument for jurisdiction must be on a permissive basis.

Pursuant to Federal Rules of Civil Procedure 13(b), a permissive counterclaim is a "claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). A permissive counterclaim is one that requires an independent ground for federal jurisdiction such as federal question, admiralty, or diversity. *Mercer*, 2005 WL 3019302 at 1. Defendants cite no independent ground for federal jurisdiction. In fact, Defendants cite to Florida Statute for jurisdiction. It is apparent that

3

Defendants' cause of action is based on common law state court actions with no federal court jurisdiction. As such, they must be dismissed.

## CONCLUSION

Defendants' Counterclaim is not compulsory because it is not based on the same core facts and has no logical relationship to Plaintiff's overtime wage claim. As a matter of law, this counterclaim must be dismissed for lack of jurisdiction.

Dated this 25th day of January, 2017.

/s/ MATTHEW R. GUNTER
Matthew r. Gunter, Esquire
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been filed using the CM/ECF filing system on January 25th, 2017, which I understand will send a notice of electronic filing to all parties of record.

/s/ MATTHEW R. GUNTER
Matthew R. Gunter, Esq.