UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW HENNES,

    Plaintiff/Counter-Defendant

v.                                                                                                    Case No. 6:16-cv-2134-Orl37DCI

OUTSOURCE EQUIPMENT
COMPANY, LLC,

    Defendant/Counterclaimant.

## ORDER

In the instant action, Plaintiff moves for dismissal of Defendant's counterclaim. (Doc. 12.) Defendant responded on February 8, 2017. (Doc. 14.) For the reasons set forth below, the motion is due to be granted and the counterclaim is due to be dismissed.

### I.    PROCEDURAL HISTORY

On December 13, 2016, Plaintiff initiated this action against his former employer for failure to pay overtime wages in violation of the Fair Labor Standards Act ("**FLSA**"). (*See* Doc. 1.) Thereafter, Defendant filed an answer and countersued Plaintiff for breach of a non-compete provision in the parties' employment agreement ("**Counterclaim**"). (*See* Doc. 8.) Along with the Counterclaim, Defendant filed a copy of the employment agreement ("**Agreement**"). (*See* Doc. 8-1.) Subsequently, Plaintiff moved for dismissal of the Counterclaim based on lack of subject matter jurisdiction (Doc. 12 ("**MTD**")), and Defendant responded (Doc. 14). The matter is now ripe for adjudication.

## II. LEGAL STANDARDS

Federal courts have limited subject matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Cases within the original jurisdiction of the federal courts include: (1) "all civil actions arising under the Constitution, laws, or treaties of the United States"—referred to as cases within the courts' federal question jurisdiction; and (2) civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000"—referred to as cases within the courts' diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Where a federal court has original jurisdiction over some claims in an action, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction and may take the form of a facial attack. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). In a facial attack, courts look only at the complaint to determine whether "plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Accordingly, "allegations in the complaint are taken as true for the purposes of the motion." *Id.* Courts are to presume that they lack subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.   ANALYSIS

As an initial matter, Plaintiff's jurisdictional challenge constitutes a facial attack, as he does not challenge the veracity of the Counterclaim. The Court, therefore, accepts the truth of such allegations for purposes of this motion. *See Lawrence*, 919 F.2d at 1529.

Turning to the matter of jurisdiction, unquestionably, the Court has jurisdiction over Plaintiff's FLSA claim. In addition, the Court may exercise supplemental jurisdiction over compulsory counterclaims. *See Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 712 (5th Cir. 1970).[1] Ordinarily, permissive counterclaims require an independent basis for subject matter jurisdiction, *see id.*; however, courts have found that no independent basis is required where a permissive counterclaim is used as a defensive setoff, which seeks only to defeat or reduce plaintiff's recovery, rather than requesting affirmative relief, *see, e.g., Robinson v. Roofs, Structures & Management, Inc.*, No. 8:07-cv-1518-T-24TBM, 2007 WL 4468695, at *3 (M.D. Fla. Dec. 18, 2007). Thus, the MTD turns on whether the Counterclaim is either compulsory or a permissible defensive setoff.

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). Such claims arise out of the same transaction or occurrence if there is a "logical relationship" between the claims. *See Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455

---

[1] Decisions of the former U.S. Court of Appeals for the Fifth Circuit rendered before October 1, 1981 are binding on courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

(11th Cir. 1985) (citing *United States v. Aronson*, 617 F.2d 119, 121 (5th Cir. 1980)). A logical relationship exists where "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). In an effort to avoid "a multiplicity of suits," the logical relationship test permits a broad, realistic interpretation. *See Plant*, 598 F.2d at 1361. By contrast, a permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b).

In his MTD, Plaintiff asserts that the Counterclaim is permissive because the facts needed to support his FLSA claim are entirely distinct from those needed to establish the Counterclaim—that is, whether Defendant failed to pay Plaintiff unpaid overtime wages has no relation to whether Plaintiff purportedly breached the Agreement. (Doc. 12, p. 3.) Defendant counters that the Counterclaim is compulsory and a logical relationship exists because: (1) the Court must inquire into the terms and conditions of the Agreement to resolve both claims; (2) Plaintiff's anticipated defense to the Counterclaim necessarily involves allegations underlying the FLSA claim, such as, whether Plaintiff was entitled to overtime wages; and (3) forcing Defendant to bring the Counterclaim in state court could result in inconsistent rulings on each of these claims. (Doc. 14, pp. 4–5.) Despite the flexible nature of the "logical relationship" test, the Court agrees with Plaintiff.

Here, the aggregate core of facts on which Plaintiff's FLSA claim rest are the hours worked by Plaintiff and the amount paid for those hours, an issue quite distinct from the

alleged breach of the non-compete provision. The prosecution of the FLSA claim necessarily requires different elements of proof than the Counterclaim. Whether Plaintiff prevails on his FLSA claim does not bear on Plaintiff's purported breach of the Agreement. Defendant's anticipated defense of the FLSA claim also supports this conclusion, as Plaintiff's employment classification for purposes of the FLSA does not rest on facts necessary to establish Plaintiff's alleged breach of the Agreement. (*See* Doc. 8, p. 8 (setting forth Defendant's affirmative defenses).) Consequently, separate trials of these claims will not involve substantial duplication of the issues.

Refuting this conclusion, Defendant contends that *Olufemi v. Your Care Clinics, LLC*, No. 8:05CV1798T17TBM, 2006 WL 269982 (M.D. Fla. Feb. 3, 2006) leans in its favor. There, the plaintiff brought an FLSA claim against its employer for failure to pay minimum wage as agreed upon in their employment contract. *Id.* at *1. The defendant countersued plaintiff for breach of a non-compete provision. *Id.* The *Olufemi* court concluded that the counterclaim was compulsory because the employment agreement was integral to both claims. *See id.* at *3. The Court finds the reasoning in *Olufemi* unpersuasive, on these facts. The *Olufemi* plaintiff claimed his employer failed to pay minimum wage and failed to pay an additional $7,000 pursuant to his Physician Employment Agreement. *Id.* at *1–2. My colleague determined that the breach of the covenant not to compete and the wage related claims arose from a common nucleus of facts centered in the employment agreement. *See id.* at *3. Such a conclusion recognizes the fact-oriented analysis of the "logical relationship" test since the plaintiff's claim, in part, was predicated on the employment agreement. That said, the existence of an

employment agreement, by itself, is not sufficient to satisfy the requisite logical relationship. This is especially true here, where the Agreement makes no reference to overtime compensation. (*See* Doc. 8-1.) Such an omission in no way diminishes Plaintiff's FLSA claim, rather it highlights the different and separate factual matters underlying each claim. Hence the Court finds that the Counterclaim is permissive.

But this conclusion does not end the inquiry, as courts have found that permissive counterclaims require no independent basis for jurisdiction if they are permissible defensive setoffs. *See, e.g.*, *Robinson*, 2007 WL 4468695, at *3. Recognizing that it has not provided an independent basis for jurisdiction, Defendant requests that: (1) the Court exercise jurisdiction over the Counterclaim by construing it as a setoff to Plaintiff's FLSA claim; or (2) grant Defendant leave to amend the Counterclaim. (*See* Doc. 14, p. 2.) The Court finds Defendant's argument unavailing because the Counterclaim seeks *only* affirmative relief—lost revenues, interest, and costs (*see* Doc. 8, p. 13) and, thus, does not come within the permissible defensive setoff exception.

Nevertheless, Defendant's allegations, if proven, could provide a valid defensive setoff to Plaintiff's FLSA claim. As such, the Court will grant Defendant leave to amend the Counterclaim. If Defendant wishes to use the Counterclaim merely as a potential setoff, it must amend the Counterclaim to clarify that it is not seeking any affirmative relief but rather is seeking only to defeat or reduce Plaintiff's recovery on the FLSA claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Andrew Hennes' Motion to Dismiss Defendant's Counterclaim and Incorporated Memorandum of Law (Doc. 12) is **GRANTED**.

2. Defendant Outsource Equipment Company, LLC's counterclaim (Doc. 8, pp. 9–13) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before Monday, **March 20, 2017**, Defendant may file an amended counterclaim in compliance with this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 6, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record